

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Austin, Texas

Dear Sir:                          Opinion No. O-3418
                                   Re: Licenses to sell narcotics un-
                                       der Narcotic Drug Act and Phar-
                                       macy Act.

We are pleased to comply with your request for our opinion on the four questions submitted to us relating to licenses to sell narcotics under the Narcotic Drug Act and Pharmacy Act. We shall take up these questions one at a time.

"1. Does, under the pharmacy law, the failure to obtain a permit each year to operate a pharmacy ipso facto cancel the rights and privileges to operate the pharmacy and to sell and dispense narcotic drugs, or merely authorize the proper officer to bring action against the pharmacy to collect the fee?"

The Pharmacy Act, as amended, is compiled as Article 4542a, Vernon's Annotated Civil Statutes of Texas. Section 14 of this statute provides:

"Every registered pharmacist who desires to continue the practice of pharmacy in this State shall annually, on or before the second day of January of each year, pay to the Secretary of the Board of Pharmacy a renewal fee of Two Dollars ($2). If any person fails or neglects to procure his renewal registration before March first of each year his name shall be erased from the register of licensed pharmacists and such person, in order to regain registration, shall be required to pay one annual renewal fee in addition to the sum of all fees such person may be in arrears."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Articles 755-758a, Penal Code of Texas, make it a misdemeanor for any person not duly licensed as a pharmacist to engage in such business. We find no statute which authorizes any officer to bring action against a pharmacist to collect his annual license fee, but under Section 4, supra, a pharmacist who fails to pay his annual renewal fee of Two Dollars before March first, thereby ceases to be a licensed pharmacist.

"2. Does the failure to obtain a license each year under Section 3 of the Uniform Narcotic Drug Act to operate an apothecary ipso facto cancel the rights and privileges to operate the pharmacy and to sell and dispense narcotic drugs or merely authorize the proper officer to bring action against the apothecary to collect the license fee?"

The Narcotic Drug Act appears as Article 725b, Vernon's Annotated Criminal Statutes of Texas. Section 3 thereof provides:

"No person shall manufacture, compound, mix, cultivate, grow, or by any other process produce or prepare narcotic drugs, and no person as a wholesaler or as an apothecary shall supply the same, without having first obtained a license to so do from the Department of Public Safety. A fee of Fifty (50) Cents shall be charged and collected by the Department of Public Safety, such fee to accompany the application for each license issued under the provisions of this Act, such filing fee to be deposited by the Department of Public Safety with the State Treasurer on each business day following the receipt thereof and the same shall be credited to the General Fund of this State. Such licenses shall be issued by the Department of Public Safety upon the effective date of this Act to be in effect until July 1, 1938, and the same shall be renewed by July 1st of each succeeding year."

We believe this section requires the same construction as Section 4 of the Pharmacy Law -- i.e., that the licenses to prepare and supply narcotics issued by the Department of Public Safety upon approval of the applicant's application and the payment of a 50 cents fee, are _annual_ licenses which expire by their own terms unless renewed before July 1st of each year.

70

"3. Can a license be issued to an apothecary under the Uniform Narcotic Drug Act, notwithstanding it has not received a permit from the State Board of Pharmacy, or is it a prerequisite to the issuance of such a license that such permit be first obtained?"

The answer to this question is to be found in the definition of "Apothecary" as contained in sub-paragraph (7) of Section 1 of Article 725b, Penal Code of Texas, which reads:

"'Apothecary' means a licensed pharmacist as defined by the laws of this State and, where the context so requires, the owner of a store or other place of business where narcotic drugs are compounded or dispensed by a licensed pharmacist; but nothing in this Act shall be construed as conferring on a person who is not registered nor licensed as a pharmacist any authority, right, or privilege, that is not granted to him by the Pharmacy Laws of this State."

Section 6 of the same act authorizes the sale and disposition of narcotics by apothecaries upon the conditions therein prescribed. Since under the definition above quoted, "'apothecary' means a licensed pharmacist," we believe that the Department of Public Safety may not issue a license to dispense narcotics to an apothecary, unless he be duly licensed by the State Board of Pharmacy.

"4. Is, under the Uniform Narcotic Drug Act, a license required to sell preparations conditionally exempt from the provisions of the Act by Section 8, thereof?"

Section 8 of the Narcotic Drug Act begins with the words:

"Except as otherwise in this Act specifically provided, this Act shall not apply to the following cases."

Section 3 which requires the apothecary to obtain a license from the Department of Public Safety does not "otherwise specifically provide," wherefore, we are of the opinion that it is not necessary to obtain such a license in order to sell the preparations

Honorable Homer Garrison, Jr., page 4

enumerated in Section 8 of the Act.

APPROVED MAY 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WRK:db

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. F. Koch_

Walter R. Koch
Assistant



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN